WELLMAN v. MIDLAND STEEL CO.

(Circuit Court, D. Indiana. January 21, 1901.)

No. 9,536.

PATENTS—CHARGING FURNACES—INFRINGEMENT.
  Wellman patent, No. 421,797, relating to improved methods of charging furnaces, being so broad as to cover every conceivable machine for charging open-hearth furnaces using a lifting arm or bar, covers a principle, and does not specifically describe a mechanism, and is not infringed .by the mechanism used by the defendant.

In Equity.

Jesse B. Fay and Robert H. Parkinson, for complainant.
William Duval Brown and John R. Bennett, for defendant.

BAKER, District Judge. This is a suit for the infringement of letters patent No. 421,797, issued to Samuel T. Wellman February 18, 1890. In the specification the patentee says:

"My invention relates to an improved method of charging furnaces, and it consists in the steps hereinafter described and claimed. My improved method is adapted to charge, for instance, the Siemens-Martin or open-hearth furnace for manufacturing steel, or for charging any melting furnace that is charged through doors or openings in the side of the furnace, in contradistinction to blast furnaces, or such as are charged from the top. The invention consists of dumping boxes for carrying the metal to be charged into the furnaces, cars for transporting the loaded boxes to the front of the furnaces, and a lifting arm or bar adapted to lift the loaded boxes from the car, to convey the same into the furnace, to dump the load, and to withdraw the empty boxes and return them to the cars."

The patentee further says:

"The dumping boxes may be of any desired size, the capacity of those that I have thus far used being about one and one-half tons of material each. These dumping boxes are placed upon the cars and filled with the material, it requiring no more labor to fill the boxes thus placed than it would require to load the same amount of material directly onto the cars without the boxes. Enough dumping boxes and cars should be provided for carrying the material necessary in charging at least one furnace, and assorting of material in the way of selecting the proportions of different ingredients is done in filling the different dumping boxes so that the latter contain in the aggregate a charge for a furnace, and may be dumped indiscriminately into the furnace."

The method of charging the loaded dumping boxes into the furnace and withdrawing the empty boxes therefrom is thus described:

"Suitable mechanism operated by power is provided for lifting successively the loaded dumping boxes from the car, conveying the same into the furnace, dumping the load, and withdrawing the empty boxes and returning them to the cars. * * * The mechanism for thus handling the dumping boxes in charging may be varied indefinitely according to circumstances."

The only mechanism described consists of dumping boxes and cars, with appropriate tracks for transporting the loaded boxes to the furnaces. The mechanical construction of the dumping boxes and cars is not specifically pointed out or described. The description of the mechanism of the patent is as follows:

"The body of each dumping box is, in the main, usually of heavy plate metal, with a cast-metal head or end; the latter having flanges of the variety shown in Fig. 2, these flanges being upright and located some little distance apart, and projecting outward, and along the outer edge thereof being offset towards

each other, the flanges partially inclosing a recess, and the flanges near the upper ends thereof having transverse holes for receiving a pin or key. The lifting bar has a broad head adapted to fit into the recess of the dumping box. In attaching the lifting bar to the dumping box a pin, $c^3$, having been withdrawn, the pin is returned to its place after the head, D', is in position in the recess, the pin when in place extending across above head, D', thus locking the parts, whereby the dumping box is held rigid with the lifting bar. The lifting bar is mounted on, and journaled in suitable boxes connected with tilting frame, E, with hydraulic ram, or other suitable means for raising and lowering the frame and lifting bar in lifting the dumping boxes from the car and returning the boxes to the car. Frame, E, has a reciprocating movement endwise, whereby the lifting bar and dumping boxes are thrust into the furnace and withdrawn therefrom. The lifting bar is rotated on its axis by means of a ram or other suitable device, in dumping the boxes into the furnace. The mechanism for supporting and operating the lifting bar is mounted on a car, which by means of suitable tracks travels along in front of the different furnaces, and the car may be stopped whenever the lifting bar is opposite any furnace of the series."

After giving the foregoing description of the mechanism embodied in the patent, the patentee says:

"It is not considered necessary to further describe the mechanism for operating the lifting bar, for the reason that analogous mechanism is shown and described in United States letters patent Nos. 391,494 and 391,421, granted to me December 11, 1888, and similar mechanism having a rotating lifting bar having been made the subject of letters patent now pending."

The patentee further says:

"I do not wish to limit myself to any particular construction of mechanism for operating the lifting bar, as this may be varied indefinitely according to circumstances."

There are three claims in the patent, each of which is alleged to be infringed:

"(1) The means herein described for charging a furnace from the side thereof, consisting essentially of dumping boxes, cars for conveying the dumping boxes to a point opposite the charging door, and a lifting bar adapted to engage the dumping boxes one at a time, convey them into the furnace, discharge the load, and return the boxes to the outside of the furnace, substantially as set forth. (2) The means herein described of charging furnaces from the side thereof, consisting essentially in dumping boxes for carrying the material, cars for transporting the loaded dumping boxes to a position adjacent the furnace, and a lifting bar conveying the loaded dumping boxes into the furnace, dumping the load, and returning the dumping boxes outside the furnace, substantially as set forth. (3) The mechanism herein described, of charging furnaces from the side thereof, consisting essentially in dumping boxes for carrying the material, cars for transporting the dumping boxes and load to positions adjacent the furnace, and a lifting bar for conveying the loaded dumping boxes from the cars into the furnace, dumping the load, and returning the empty dumping boxes from thence to the cars, substantially as set forth."

While the claims differ slightly in verbiage, they do not differ in respect of elements, functions, or modes of operation. They are so broad that they would cover every conceivable machine for charging open-hearth furnaces using a lifting arm or bar. They would embrace every sort of pan or box for carrying the charge, every sort of car for transporting the load, and every sort of lifting arm or bar adapted to convey the pan or box from the car into the furnace, dumping the load, and returning the empty pan or box. The claims cover a principle, and do not specifically describe a mechanism.

They cover the entire field of charging open-hearth furnaces mechanically by means of a lifting arm or bar. No other inventor may enter this field or attempt any improvement thereon with impunity. But how the complainant's machine is constructed, or how the mechanism operates, is not material, according to the claims, so that the specified result is accomplished. It is not enough, however, for the patentee to specify the principle of his mechanism. He must explain the best mode in which he has contemplated applying that principle, so as to distinguish his mechanism from every other invention; and he must point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The patentee has failed to do this. The claims cannot be construed as broadly as they are written, for, so construed, they would be void for indefiniteness and for claiming that which is old. They must therefore be limited to the specific mechanism shown in the drawings and specification. Looking no further than the earlier patents of the complainant, what has he here accomplished beyond what is there shown? In place of an ingot he has substituted an iron box or pan for carrying the charge. The box or pan has a flanged recess in the end, adapted to receive the head of the lifting arm or bar which is secured in the recess by a pin. The only change made in the box from an ordinary metal box is the flanged recess, with an opening for a pin. The only change made in the lifting mechanism is to substitute for the tongs of the prior patents an arm or bar with a head adapted to fit in the flanged recess in the box or pan. In the mechanism for conveying the load into the furnace, dumping the same, and returning the box or pan, there is no difference between the mechanism disclosed in the patent in hand and the mechanism of the prior patents. The dumping box or pan was old, and the only change made was to cast a flanged recess in the end, adapted to receive the head of the lifting arm or bar. The lifting mechanism was old, and the patentee did nothing except to substitute a lifting arm or bar for the tongs. Thus it is seen that the changes made from the old mechanism were slight and simple. Whether those changes brought into exercise, and are the result of, the inventive faculty, or whether they are such as might be expected to be produced as the result of the mechanical skill of one familiar with the art, it is not necessary to determine. If they involve invention, the patentee is entitled to nothing more than he actually discovered. He was not a pioneer, and as such cannot insist upon a broad construction of his claims. It is not needful here to analyze the defendant's mechanism, and point out the differences between it and that of the complainant. In the consideration of the prior patents of the complainant the court has already pointed out in detail the mechanism employed by the defendant. See Wellman v. Steel Co. (No. 9,659; this day decided) 106 Fed. 221. The patent office has found such differences between the mechanism employed by the complainant and the defendant as to justify the granting of a patent for the defendant's mechanism, notwithstanding it had granted the prior patents to the complainant. On the whole case the court is of opinion that the bill should be dismissed for want of equity. So ordered.